UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
LINCOLN LATHAM,                    )
                                   )
        Plaintiff,                 )
                                   )    Civil Action
        v.                         )    No. 24-10130-PBS
                                   )
TINA HURLEY, et al.,               )
                                   )
        Defendants.                )
```

## ORDER

April 23, 2024

SARIS, D.J.

Pro se Plaintiff Lincoln Latham ("Latham") initiated this action by filing a "Petition for Reproducing a Record of Parole" which was entered on the docket as Latham's complaint. Dkt. No. 1. Latham also filed a "Motion for Discovery." Dkt. No. 2.

Because Latham is a prisoner, this action is subject to preliminary review pursuant to 28 U.S.C. § 1915A. Section 1915A authorizes federal courts to dismiss a complaint if the claims therein lack an arguable basis in law or in fact, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915A(a) (screening). In conducting this review, the Court liberally construes the pleadings because Latham is proceeding pro se. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

As an initial matter, Latham has not paid the $405 filing fee for this action. Latham is not entitled to proceed in forma pauperis because he is subject to the "three-strikes" provision at 28 U.S.C. § 1915(g).[1] See e.g. Latham v. Mici, No. 1:23-cv-11897-RGS (D. Mass. Oc. 2, 2023) (finding that Latham has had "three strikes" and is unable to proceed in forma pauperis unless under imminent danger of serious physical injury).

Next, Latham has not commenced an action because a complaint has not been filed. See Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."). Latham's petition seeks to have the Massachusetts Parole Board and certain parole board members provide to Latham general information concerning the parole process in the Commonwealth. Absent the filing of a complaint, the action is subject to dismissal. Moreover, even if the Court construed Latham's petition as a complaint, it fails to present an actual case or controversy. The judicial power of the United States is limited

---

[1] Pursuant to 28 U.S.C. § 1915(g), a prisoner is not permitted to proceed in forma pauperis:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

to "cases" and "controversies."  U.S. Const. art. III, § 2, cl. 1.  "Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies."  Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990) (citations omitted).  Here, Latham fails to present this Court with a case or controversy as required by the Constitution.

Thus, on this record, and because it is unclear whether Latham intended to initiate a new civil action by filing his "Petition for Reproducing a Record of Parole," this action will be dismissed without prejudice to plaintiff seeking to reopen.

Accordingly, this action is DISMISSED in its entirety without prejudice to Latham seeking to reopen this action within 28 days of the date of this Order, by filing (1) a Motion to Reopen, (2) a complaint, and (3) either payment of the $405 filing fee or a statement showing cause why the provisions of 28 U.S.C. § 1915(g) do not bar him from proceeding without prepayment of the filing fee.  The Clerk shall terminate this action from the Court's dockets.

SO ORDERED.

/s/ Patti B. Saris
PATTI B. SARIS
UNITED STATES DISTRICT JUDGE