UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
LINCOLN LATHAM,                     )
                                    )
        Plaintiff,                  )
                                    )      Civil Action
        v.                          )      No. 24-10130-PBS
                                    )
TINA HURLEY, et al.,                )
                                    )
        Defendants.                 )
```

**ORDER**

July 12, 2024

SARIS, D.J.

    On April 23, 2024, this action was DISMISSED without prejudice to pro se plaintiff Lincoln Latham moving to reopen with a proposed complaint and either payment of the $405 filing fee or a statement showing cause why the provisions of 28 U.S.C. § 1915(g) do not bar him from proceeding without prepayment of the filing fee. See Dkt. No. 4.

    In response to the Court's order, Latham filed on May 1, 2024, the following: (1) a motion to reopen, (2) a complaint, and (3) a statement in support of his request to proceed in forma pauperis. Dkt. Nos. 6 – 8.  Latham subsequently filed motions for temporary restraining order, preserving a claim, compelling disclosure, altering or amending a judgment, new trial, limiting lying witness, funds and case management conference.  Dkt. Nos. 8 – 15, 17.

The pleadings filed by Latham on May 1, 2024, do not cure the legal deficiencies discussed in the Court's April 23, 2024 Order.  Although Latham contends that the $405 filing fee is a "violation of free speech" and that the "appearance of priorly dismissed lawsuits is not a justification" for the denial of leave to proceed in forma pauperis, see Dkt. No. 8, Latham has not paid the $405 filing fee and has failed to demonstrate that he is otherwise eligible to proceed in forma pauperis.[1]

Additionally, Latham has not shown that he has a potentially meritorious claim warranting the reopening of this case.  From what can be gleaned from his handwritten complaint, he expounds on the same facts that were alleged in his original petition. In his complaint, Latham names Tina Hurley, the Chair of the Massachusetts Parole Board, as the sole defendant.  Dkt. No. 9.  Although now presented in the form of a complaint, Latham again seeks to have this Court order the defendant to "publish and print a listing of all the necessary policy based

---

[1] Pursuant to 28 U.S.C. § 1915(g), a prisoner is not permitted to proceed in forma pauperis:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

2

forms and criteria used in issuing parole permits in releasing inmates from prison." Id. at ¶ 1. Latham further alleges that defendant Hurley "committed the offense of Assault and Battery on two different occasions" and that "[o]n 12/20/2023 and 2/26/2024 [defendant Hurley] refused to provide any data, statistics, policy charters, state laws that provide her with the authority to Deny applications for Parole that are filed by a[n] inmate in state prison." Id. at ¶ 2. Latham contends that Hurley's alleged withholding of "parole policy" is an "illegal seizure" in violation of the "4th Amendment of the U.S. Constitution." Id. at ¶ 3. Latham states that this alleged behavior is "completely rude" and that the "Rudeness of kidnapping prisoners by holding them against their will is completely a manner of extreme brutality." Id. at ¶ 5. For relief, Latham seeks to have this Court order defendant Hurley "to pay $45,000." Id. at ¶ 5(a).

Even with a generous reading of Latham's complaint, it does not meet the screening requirements of 28 U.S.C. § 1915A. Although Latham complains that parole policy information has been withheld, the regulations concerning the Massachusetts Parole Board are publicly available and can be found at Title 120 of the Code of Massachusetts Regulations. See 120 C.M.R. §§ 100.00 – 900.05. In light of the nature of the remaining allegations in the complaint, the Court finds that further

amendment would be futile.  See Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996) (explaining that futility means that "the complaint, as amended, would fail to state a claim upon which relief could be granted.").

Accordingly, it is hereby Ordered that

1.   The pending motions (Dkt. Nos. 6, 8, 9 – 15) are DENIED.

2.   The prior dismissal of this case remains in effect, and this action remains CLOSED on the Court's docket.

SO ORDERED.

                                 /s/ Patti B. Saris  
                                PATTI B. SARIS  
                                UNITED STATES DISTRICT JUDGE